ANGELO GAUDENZIO *v*. ELMER W. BISSELL.

May Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Replevin—Admissions—Impeachment—Instructions to the Jury.*

A request made by the defendant in an action of replevin for an instruction as to the effect of a conditional sale, is properly refused, as not being in the case, where the plaintiff claimed an absolute sale of the property in question to him from the defendant, which the defendant denied, and the only suggestion that the title was to remain in the defendant until payment was made, was contained in certain admissions of the defendant, offered and received in evidence by way of impeachment only, and not to prove the fact.

An instruction to the jury in an action of replevin that statements of parties made out of court different from those made by them in court may be taken as evidence in chief of the fact, does not permit the jury to find that the property in suit was sold conditionally by the defendant to the plaintiff, where the only suggestion that title was to remain in the defendant until payment was made, appeared in certain admissions made by the defendant, offered and received by way of impeachment only, and where the court told the jury in another part of the charge that there was no claim on either side that there was a lien upon the property.

REPLEVIN for a pair of oxen, yoke and harness.   Trial by jury at the September Term, 1915, Rutland County, *Stanton,* J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepted.   The opinion states the case.

*T. W. Moloney, J. S. Dorsey* and *J. C. Jones* for the defendant.

*Walter S. Fenton* for the plaintiff.

TAYLOR, J.    Plaintiff sues in replevin for a pair of oxen, a yoke and harness.    Trial was by jury with verdict for plaintiff. Defendant excepts.

Defendant formerly owned the oxen in question and plaintiff had been working for him on a contract cutting and piling logs.    In July, 1914, the parties made a new contract by which plaintiff was to cut and pile the logs and haul the same to defendant's millyard.    Part were to be hauled at a certain price per thousand feet and part, differently located, at fifty cents additional.    Plaintiff's evidence tended to show that at or about the time of making the new contract he purchased the oxen, yoke and harness of defendant at a price to be credited on the lumbering contract; that he used the oxen thereafter in his work and had them in his possession until December, 1914.    Defendant's evidence tended to show that there was some talk about the purchase of the oxen but that he declined to sell them; that he let plaintiff use them in the work in consideration of a reduction in the price for which a portion of the logs were to be hauled to the mill.    It appeared that defendant regained possession of the oxen in the following manner: plaintiff was working them on the job and they needed to be shod.    He sent them to Rutland in charge of a driver with instructions to go to defendant and get the money for the shoeing.    The driver saw defendant, made known his errand and was told to take the oxen to defendant's barn and leave them there, which he accordingly did.    Defendant kept possession of the oxen until this suit was brought.

In the course of the trial evidence was introduced tending to show that before the suit defendant told the witnesses that he had sold the cattle to plaintiff but did not know whether they were paid for; that they were to remain his property until paid for and the only way he could determine that fact was to wait until a settlement was had.

At the close of the evidence defendant requested a charge as to the affect of a conditional sale.    Thereupon plaintiff's counsel stated that no claim would be made that there was a

conditional sale; and the court returned the request stating that there was no such question. In the course of the charge the court instructed the jury on the subject of impeachment, referring specially to claimed statements out of court of Mr. and Mrs. Gaudenzio to the effect that defendant owned the cattle. Referring to this evidence the court said: ''That does not go to show that that was the fact, but if you find that they did make those statements, you may consider it in the way of impeachment; that is, you may consider their testimony less worthy of credit.'' At the close of the main charge plaintiff's counsel called the court's attention to the fact that there was evidence tending to impeach the defendant as well as the plaintiff and his wife; and defendant's counsel said the jury should be instructed ''that when Angelo said that Bissell owned the cattle is evidence in fact.'' The court, continuing the charge, said: ''This matter of impeachment, the rule stated as to witnesses is correct. When parties testify to a matter and it is shown that they have made a statement out of court that is different from the one they make in court, it is not only impeaching evidence, but it may be taken as evidence in chief that the fact is as they then stated it.'' Plaintiff's counsel again insisted that there was impeaching evidence as to defendant as well as to plaintiff and his wife and the court added: ''This matter of impeachment of parties as such applies to both sides of the case, if it was impeaching testimony. You will remember that.'' An exception was then taken to the charge as it stood on the subject of impeachment.

The exceptions state that immediately upon the court's giving the part of the charge last quoted defendant claimed that the instruction permitted the jury to find that the cattle were sold conditionally; that in this situation it was necessary that they be instructed as to the rights of the parties in such case; that defendant then renewed the request for an instruction previously made, which the court refused; and for this refusal, and to the charge for that it did not instruct the jury on that subject in accordance with the request, defendant excepted.

Defendant does not insist that the charge as finally given on the subject of impeachment of parties was erroneous. His claim is that the court erred in refusing to instruct in accordance with his request. But his claim cannot be sustained, if we regard the question as saved. The issue of conditional sale

was not in the case as a ground of recovery. Plaintiff's right to recover was based solely on an absolute sale of the property, which defendant denied. The theory of the defence was that the property was loaned to plaintiff and not sold. The only suggestion of a conditional sale came into the case in showing defendant's admissions, which were evidently offered by way of impeachment and not to prove the fact. Plaintiff's counsel distinctly disavowed any such effect when the request was first presented. In the main charge the court plainly instructed the jury as to the issues in the case and told them that there was no claim on either side that there was a lien. They were instructed that, if defendant sold and delivered the cattle, they belonged to plaintiff; but that, if he did not sell them—simply loaned them—they did not belong to plaintiff. It is clear that nothing that the court said in the supplemental charge could have been understood by the jury as permitting a recovery, if they found a conditional sale. The only effect of the requested charge would have been to confuse them as to the issues on trial.

*Judgment affirmed.*